**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

PATRICIA GREAVES,                                  Civil No. 14-1936 (NLH/JS)

          Plaintiff,

                                                            **OPINION**

    v.


ANN DAVIS ASSOCIATES INC.
d/b/a ERA CENTRAL REALTY
GROUP INC., and
ANJANI KUMAR

          Defendants.

---

**APPEARANCES:**

PREDRAG FILIPOVIC
IFIGHT4JUSTICE
L/O OF PEDRAG FILIPOVIC
1735 MARKET STREET
SUITE 3750
PHILADELPHIA, PA 19103
*Counsel for Plaintiff*

DIANA C. MANNING
BENJAMIN JAMES DILORENZO
BRESSLER, AMERY, & ROSS
325 COLUMBIA TURNPIKE
PO BOX 1980
FLORHAM PARK, NJ 07962
*Attorney for Defendants*


**HILLMAN, District Judge**

     This cases arises under the Fair Debt Collection Practices

Act.  Before the Court is defendant's motion to dismiss.  For

the reasons set forth below, defendant's motion will be denied.

I.   **FACTUAL BACKGROUND**

On August 5, 2012, plaintiff and her spouse entered into a two-year written lease for real property located in Bordentown, New Jersey, with landlords Satish and Kavitha S. Palaniappan, for $2700 per month.  Defendant Anjanie Kumar of ERA Central Realty Group Inc. ("ERA"), brokered the lease transaction and furnished the lease document.

On August 18, 2013, plaintiff's rent was overdue by 10 days.  Her landlord Satish Palaniappan wrote to plaintiff about the overdue rent, seeking penalty fees in the amount of $840. Plaintiff alleges that on August 18, 2013, August 19, 2013, and in October of 2013, Defendant Anjani Kumar wrote emails to plaintiff in attempt to collect the rent in arrears in a harassing and belligerent manner, and threatened to contact plaintiff's employer, U.S. Army Command, regarding this debt.

Plaintiff alleges that prior to August 18, 2013, she had been issued a military employer directive known as a "mobilization order" for one year at a salary of $84,000 per year.  Plaintiff states that after defendants communicated to her employer on August 18 and August 19, 2013 regarding collection of late rent, on August 25, 2013, plaintiff received a telephone call from "LTC Sullivan, the 2nd 312th Battalion Commander."  LTC Sullivan informed her he had received a call

2

from Col. Osborne, the commander of her entire Brigade, stating
that Defendant Kumar left a "very nasty message" on Col.
Osborne's phone informing him that he needed to "handle" his
officer (the Plaintiff) for late rent issues.

Plaintiff states that, according to LTC Sullivan, after
having heard the voice mail left for him by defendant Kumar,
Col. Osborne questioned plaintiff's ability to manage her
finances and accordingly her active duty mobilization order.
Plaintiff states that she explained to LTC Sullivan that Kumar
was not her landlord but an ERA employee trying to collect rent
on behalf of landlord, and that she and her spouse had made the
arrangements with their actual landlord to pay the required
amount.  Soon thereafter the U.S. Army Command revoked
plaintiff's mobilization order and $84,000 yearly salary, an
event plaintiff alleges was a direct result of defendants'
actions.

Defendants move to dismiss plaintiff's complaint on grounds
that they are not "debt collectors" under the Fair Debt
Collection Practices Act ("FDCPA").

**II.  JURISDICTION**

Plaintiff brought this action pursuant to the Fair Debt
Collection Practices Act, 15 U.S.C. § 1692.  This Court
exercises federal question subject matter jurisdiction pursuant
to 28 U.S.C. § 1331.

3

### III. STANDARD FOR MOTION TO DISMISS

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007)

(quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly).

Following the Twombly/Iqbal standard, the Third Circuit has provided a three-part analysis in reviewing a complaint under Rule 12(b)(6).  First, the Court must take note of the elements needed for plaintiff to state a claim.  Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).  Second, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Id.; Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950).  Third, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.  Id.  A complaint must do more than allege the plaintiff's entitlement to relief.  Fowler, 578 F.3d at 210; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual

matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").

A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

6

## IV. THE FAIR DEBT COLLECTION PRACTICES ACT

The Fair Debt Collection Practices Act ("FDCPA") prohibits the use of abusive, deceptive, and unfair debt collection practices by debt collectors. 15 U.S.C. § 1692, et seq.  In order to successfully bring a claim under the Act, a plaintiff must show that: (1) the defendant is a "debt collector," and (2) the defendant engaged in prohibited practices in an attempt to collect a debt.  Siwulec v. Chase Home Fin., LLC, No. 10-1875, 2010 WL 5071353, at *2-3 (D.N.J. Dec.7, 2010); see also Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000); FTC v. Check Invs., Inc., 502 F.3d 159, 171 (3d Cir. 2007).  A "debt collector" is defined under the Act as:

> [A]ny person who uses any instrumentality of
> interstate commerce or the mails in any
> business the principal purpose of which is
> the collection of any debts, or who
> regularly collects or attempts to collect,
> directly or indirectly, debts owed or due or
> asserted to be owed or due [to] another.

15 U.S.C. § 1692a(6); see also Pollice, 225 F.3d at 403; Glover v. FDIC, 698 F.3d 139, 152 n. 8 (3d Cir. 2012).  The FDCPA applies to entities and persons that collect debts on behalf of others and, generally, does not apply to creditors attempting to collect debts on their own behalf.  See Staub v. Harris, 626 F.2d 275, 277 (3d Cir. 1980) ("The [FDCPA] does not apply to persons or businesses collecting debts on their own behalf.");

<u>Schaffhauser v. Citibank (S.D.) N.A.</u>, 340 F. App'x 128, 130 n. 4 (3d Cir. 2009).

Defendants argue that they are not debt collectors as defined under the Act.  Defendants state that their principal business is not debt collection, but real estate brokerage transactions.  They also argue that there are no set of facts set forth in the complaint supporting the conclusion that they "regularly engage" in debt collection activities.

Plaintiff does not dispute that defendants are not in the business of debt collection.  Rather, plaintiff argues that based on Kumar's knowledge of how to proceed in collecting the rent debt and how to contact her employer, such knowledge indicates that this was not the first time Kumar engaged in such activities.  In support of her argument, plaintiff states that Kumar wrote in an email to her landlord about the late rent (copies of emails are attached to plaintiff's complaint) that she could obtain plaintiff's commander's contact information. In a second email, Kumar gave the landlord plaintiff's commander's information, told him when plaintiff received her pay, and advised him that if plaintiff did not pay the rent that they would go see her commander.  Plaintiff also relies on Kumar's comments in an email to her that "the landlord is my client & I will help my clients in any way possible, regardless of you not wanting me involved."

8

The FDCPA does not define the term "regularly engages" in
the practice of debt collection.  The Senate Report discussing
the Act states, "[t]he requirement that debt collection be done
'regularly' would exclude a person who collects a debt for
another in an isolated instance, but would include those who
collect for others in the regular course of business."  S.Rep.
No. 95-382, reprinted in 1977 U.S.C.C.A.N. 1695, 1697-98.

Much of the case law on the issue centers on businesses
that are not primarily in the business of debt collection (such
as law firms or banks) but engage in some debt collection
practices.  Courts have taken a wide view of what constitute
regular debt collection practices.  See Heintz v. Jenkins, 514
U.S. 291, 115 S.Ct. 1489 (1995) (finding Act applies to
attorneys who regularly engage in consumer-debt-collection
activity, even when that activity consists of litigation);
Oppong v. First Union Mortg. Corp., 215 F. App'x 114, 119-120
(3d Cir. 2007) (finding that although Wells Fargo is not an
entity whose principal purpose is debt collection, it regularly
engages in debt collection because it collects debts owed to
others despite the fact that such collection was extremely small
portion of its transacted business); Silva v. Mid Atlantic
Management Corp., 277 F.Supp.2d 460, 466 (E.D.Pa. 2003) (finding
defendant regularly engaged in debt collection practices by
participating in several debt collection matters each year for

the last couple of years).  In Crossley v. Lieberman, 868 F.2d 566, 569 (3d Cir. 1989), the Third Circuit quoted from a law review article which stated that "any attorney who engages in collection activities more than a handful of times per year must comply with the FDCPA."  Id. (citing R. Hobbs, *Attorneys Must Now Comply With Fair Debt Collection Law*, X Pa.J.L.Rptr., No. 46, 3 (Nov. 21, 1987)).

Thus, the term "regularly" excludes one instance, and likely excludes slightly more than one instance depending on the context.  Therefore, whether a person regularly conducts debt collection practices is a fact intensive inquiry.  See Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti, 374 F.3d 56, 62-63 (2nd Cir. 2004) ("Most important in the analysis is the assessment of facts closely relating to ordinary concepts of regularity, including (1) the absolute number of debt collection communications issued, and/or collection-related litigation matters pursued, over the relevant period(s), (2) the frequency of such communications and/or litigation activity, including whether any patterns of such activity are discernable, (3) whether the entity has personnel specifically assigned to work on debt collection activity, (4) whether the entity has systems or contractors in place to facilitate such activity, and (5) whether the activity is undertaken in connection with ongoing client relationships with entities that have retained the lawyer

10

or firm to assist in the collection of outstanding consumer debt obligations.").

Since this case is at the motion to dismiss stage, plaintiff must come forward with enough facts to show that she has a "plausible claim for relief." Fowler, 578 F.3d at 210. She may not simply offer labels and conclusions, Twombly, 550 U.S. at 555, but must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of each cause of action. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (internal quotation marks omitted).

Here, plaintiff has alleged that defendant engaged in debt collection with regard to her overdue rent, and that she was knowledgeable about how to collect rent debt, including how to contact plaintiff's employer and supervisor. Plaintiff has alleged that defendant had such knowledge because of prior experience of collecting rent debt. Moreover, it seems plausible that a real estate agent who brokers the rental of a client's property, provides the lease agreement, and indicates through her own words and actions that she continues to service the needs of her client, might also include rent collection efforts within those ongoing services. At this stage, plaintiff has alleged enough facts to engage in discovery to try to offer evidence to support her claim. See Twombly, 550 U.S. at 563

n.8.  She may question defendant on her debt collection practices, if any, and gather additional facts through discovery to try to support her claims, particularly here where the facts needed are not in the control of the plaintiff.  See Top v. Ocean Petroleum, LLC, No. 10-1042, 2010 WL 3087385, at *4 (D.N.J. Aug. 3, 2010) ("far from requiring that a plaintiff be in possession of the relevant evidence in order to plead a claim, a plaintiff need only have some good reasons—even if circumstantial and inferential—for believing that the defendant has engaged in some identifiable legal wrong, sufficient to convince the Court of the claim's plausibility in light of the other possible scenarios that are consistent with the facts alleged.").

**V. CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss will be denied.

An appropriate Order follows.


                                    s/Noel L. Hillman
                                   NOEL L. HILLMAN, U.S.D.J.

Dated:   February 17, 2015

At Camden, New Jersey


12